NO. 07-03-0447-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 15, 2004

_____

WILLIAM FLOYD DUFFEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 86476; HONORABLE LAYNE WALKER, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant William Floyd Duffey appeals his conviction for the felony offense of murder. Agreeing with appointed counsel that the record fails to show error in the trial court's judgment, we will affirm.

Appellant was charged by indictment with the murder of Catherine Douthwright by stabbing and cutting her with a knife on April 23, 2002. He was represented by appointed

counsel at trial. After a number of pretrial motions by the defense, the case was set for trial in September 2003 but appellant entered an open plea of guilty on July 28, 2003. On that day appellant signed written plea admonishments which included stipulations that he was mentally competent, his plea was made knowingly and voluntarily, he was satisfied with his attorney's representation, and he waived the right to a trial. The document included a judicial confession and waiver allowing disclosure of the contents of the pre-sentence investigation report. The trial court asked defense counsel if there was any evidence that appellant was incompetent to stand trial, to which counsel responded in the negative. The court accepted the guilty plea, ordered preparation of a pre-sentence investigation report and set the case for sentencing on August 25, 2003.

The pre-sentence investigation report recited that appellant and the victim worked together at a hospital. Other coworkers stated appellant was "attracted and infatuated with the victim" and she was moving back to Canada in part to avoid appellant. The report reflected that appellant admitted being "very attached" to the victim and going to see her on the evening of April 23, 2002. He was irritated when the victim told him to leave because someone was coming over. The next thing he remembered was being in his truck with blood all over him. He did not remember murdering the victim but admitted he must have done so. The report stated appellant had no previous criminal history, had served four years in the Air Force and was working toward a college degree. It also contained appellant's statements that while in the Air Force he twice had been treated for "severe depression / organic brain syndrome," ultimately leading to his discharge from the military, that he had seen a psychiatrist twice in 1997 and that he took Paxil.

At the August 25, 2003 sentencing hearing both parties presented argument, and appellant made a statement and had a discussion with the judge concerning an appropriate punishment. At the conclusion of the hearing the court adjudicated appellant guilty of murder and sentenced him to life imprisonment. Appellant timely filed a pro se notice of appeal and appellate counsel was appointed.

Appellant's counsel has filed a brief stating she has diligently reviewed the record and concluded it presents no reversible error and the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967). The brief discusses the procedural history of the case and applicable law. The brief does not discuss any potential complaints. *See Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). Counsel also has filed a motion to withdraw and by letter informed appellant of his right to review the trial record and to file a pro se brief. Appellant has filed a pro se brief in which he raises three points assigning error to the judgment of the trial court. The State has filed a brief which merely agrees with the conclusion of defense counsel that the record shows no reversible error.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If, after reviewing the briefs submitted by appellant and his counsel, this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

The three issues presented in appellant's pro se brief are (1) that the State failed to meet its burden of proof that he was competent to stand trial, (2) his trial counsel was ineffective in failing to obtain medical records concerning appellant's history of mental problems, and (3) the trial court failed to warn him of the possible consequences of his plea.

Appellant's argument in support of his first point alleges he had previously been declared incompetent and the pre-sentence investigation states he suffered from a "long history of depression, organic brain syndrome, and mood disorder/obsessive behaviors." Nothing in this record indicates appellant had previously been declared incompetent and our review is limited to the record before us. *Luckette v. State*, 906 S.W.2d 663, 668 (Tex.App.–Amarillo 1995, pet. ref'd). *Compare Hull v. Freeman*, 932 F.2d 159, 168 (3d. Cir., 1991) (trial counsel asserted defendant was competent after two doctors declared the defendant incompetent). Without such evidence the State is entitled to rely on the presumption appellant was competent to stand trial. *See* Tex. Code Crim. Proc. Ann. art. 46.02 § 1A(b) (Vernon 1979) (repealed effective January 1, 2004).

Further, appellant provides no argument or authority that depression or the other conditions he mentions prevented him from consulting with his counsel or having a rational and factual understanding of the proceedings. *See* Tex. Code. Crim. Proc. Ann. art. 46.02 §1A(a) (Vernon 1979) (repealed effective January 1, 2004). Not disclosed in appellant's brief is the fact, shown in the appellate record, that on his trial counsel's motion, the trial court authorized the hiring of a psychiatric expert. The only result of appellant's examination by that expert reflected in the record is the statement by his counsel at the August 25, 2003

-4-

hearing that it failed to "find anything that would help us understand what happened on that day." Moreover, appellant stipulated in writing that he was mentally competent and his counsel certified that he appeared to be competent to stand trial. Appellant's first point fails to raise a meritorious issue.

Appellant's second point asserts his counsel was ineffective for failing to obtain medical records from the Air Force showing his mental problems. The standards by which the effectiveness of counsel is reviewed are set out in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show trial counsel was ineffective, a claimant must establish two elements: (1) that his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The first component is met by showing that trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. *Id.* The second component necessitates a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, *i.e.*, a trial whose result is reliable. *Id.* A claimant must show that, but for counsel's errors, there is a reasonable probability that the result of the trial would have been different. *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.*

Appellant does not assert that any records from his service in the Air Force would be relevant to his present competency to stand trial or provide information relevant to punishment which was not revealed in the pre-sentence investigation report. The argument

offers nothing to suggest counsel's performance was deficient or there was any prejudice to the defense.

Under appellant's second point he also argues his trial counsel misrepresented the terms of the plea bargain. In support he points to a cover page on the pre-sentence investigation report. That document actually indicates there was no agreement on punishment. It is a summary of a separate document reflecting that the State was withholding a punishment recommendation until completion of the pre-sentence investigation, and the defense was recommending the minimum sentence. Appellant's second point is without merit.

In his third point, appellant argues the trial court failed to warn him of the possible consequences of his plea. This assertion is contrary to the record. Article 26.13(a) of the Code of Criminal Procedure defines the admonitions required before accepting a plea of guilty. Tex. Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2004). The written plea admonishments, signed by appellant, and the oral admonishments at the hearing on his plea addressed each of those matters. Appellant does not state any additional admonishment that he believes is required. This point fails to present a meritorious issue on appeal.

We have also made an independent examination of the record to determine whether there are any arguable grounds which might support the appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We agree it presents no meritorious grounds for review. We grant counsel's motion to withdraw and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.